FILED

OCT 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MORGAN KEEGAN & CO., INC.,

Petitioner - Appellant,

v.

HORACE GRANT,

Respondent - Appellee.

No. 10-56166

D.C. No. 2:09-cv-07369-SJO-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before:    PREGERSON and W. FLETCHER, Circuit Judges, and BENNETT,
District Judge.[**]

Petitioner Morgan Keegan appeals from the district court's denial of its

motion to vacate an arbitration award.  Respondent Horace Grant won a $1.45

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

million arbitration award against Morgan Keegan, his former broker, for losses Grant suffered in Morgan Keegan investments. Morgan Keegan sought to vacate the award in the district court, arguing that (1) Arbitrator Schwartz failed to disclose facts that would create an impression of bias; (2) the arbitrators prejudged the outcome of the case and denied Morgan Keegan a fundamentally fair hearing; and (3) the arbitrators exceeded their powers in setting the size of the award. The district court denied the motion and confirmed the award. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's "decision to vacate or confirm an arbitration award" is reviewed de novo. *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1105 (9th Cir. 2007) (citations and quotations omitted). Its findings of fact are reviewed for clear error. *Id.*

First, Morgan Keegan has not demonstrated Arbitrator Schwartz's "evident partiality" under the Federal Arbitration Act, 9 U.S.C. § 10(a)(2), because it has not shown that Schwartz failed to disclose any information that would create an "impression of possible bias." *New Regency*, 501 F.3d at 1106 (quotations omitted). Morgan Keegan argues that Schwartz was biased in favor of investors because he sometimes represented investors against their brokers. However, Schwartz disclosed this practice in his initial disclosure report, and there is no

2

evidence that these disclosures were inaccurate. Morgan Keegan also points to a section of Schwartz's website that advertised his knowledge of the securities at issue in the case — collateralized debt obligations ("CDOs") — and solicited investors to sue over CDO losses. But the CDO section only appeared on Schwartz's website months after the hearing and it did not specify how long he had been practicing in the area. Therefore, there is no evidence that Schwartz knew anything about CDOs before the arbitration.

Second, the arbitrators' inadvertently recorded conversation during the hearing — in which they refer to the securities at issue in the case as "crap" and a "sucker play" — is not grounds for vacating the award for "other misbehavior" under 9 U.S.C. § 10(a)(3). The conversation suggests that the arbitrators had begun to form some opinions based on the evidence presented so far, but it does not prove that they had so made up their minds that they were unwilling to consider Morgan Keegan's evidence. As the district court noted, the facts here are clearly distinguishable from cases where the arbitrators literally refused to hear a party's evidence. *See, e.g., Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d 847, 850 (5th Cir. 1995). Additionally, the recorded conversation does not demonstrate the arbitrators' "evident partiality." The fact that the arbitrators reacted negatively to evidence of wrongdoing primarily suggests that they had

3

evaluated the evidence and found it to be unfavorable to Morgan Keegan. This case is also distinguishable from *Reyes-Melendez v. INS*, 342 F.3d 1001, 1007 (9th Cir. 2003), because the arbitrators here did not make judgmental comments throughout the hearing or include snide remarks in their decision. The district court was correct that the parties received a "fundamentally fair hearing." *See Sunshine Min. Co. v. United Steelworkers of Am., AFL-CIO*, 823 F.2d 1289, 1295 (9th Cir. 1987).

Third, the arbitrators did not "exceed[] their powers" by awarding $1.45 million without an offset for the $1.1 million of income payments Grant had received. *See* 9 U.S.C. § 10(a)(4). The $1.45 million award was authorized under a benefit-of-the-bargain damages theory for fraud committed by one owing fiduciary duties. *See Ambassador Hotel Co. v. Wei-Chuan Inv.,* 189 F.3d 1017, 1031–32 (9th Cir. 1999). Grant claims that he was promised an investment with both stable principal and income payments. Such a promise entitled him to damages for his principal losses without an offset for the income received. Morgan Keegan has also failed to show that the award was in "manifest disregard of law" as required under section 10(a)(4), because there is no evidence that the arbitrators purposefully ignored the law in calculating the award. *See Comedy Club, Inc. v. Improv West Assoc.*, 553 F.3d 1277, 1288–90 (9th Cir. 2009).

Finally, Morgan Keegan argues on appeal that the cumulative effect of the arbitrators' actions amounted to misbehavior that warrants vacating the award. Vacation is not warranted under our "limited and highly deferential" review. *Coutee v. Barington Capital Group*, 336 F.3d 1128, 1132 (9th Cir. 2003) (internal quotation marks omitted).

**AFFIRMED.**